DONALD C. CLARKSON and JOAN K. CLARKSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clarkson v. Commissioner
Docket No. 5387-77.
United States Tax Court
T.C. Memo 1978-129; 1978 Tax Ct. Memo LEXIS 388; 37 T.C.M. (CCH) 567; T.C.M. (RIA) 780129; March 30, 1978, Filed G. Michael Grow, for the petitioners. Barry J. Finkelstein, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent has determined a deficiency of $1,391.30 in petitioners' Federal income tax for 1973. A concession having been made, the remaining issue is whether certain amounts paid to petitioner-wife by her ex-husband are alimony payments includable in petitioners' gross income or child support payments not so includable. This case has been fully *389 stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners Donald C. and Joan K. Clarkson resided in Ontario, New York, when they filed their petition. Petitioners timely filed their 1973 joint Federal income tax return with the Internal Revenue Service Center in Andover, Massachusetts. On April 12, 1977, petitioners filed an amended return for 1973 also with the Internal Revenue Service Center in Andover, Massachusetts. Petitioner Joan Clarkson was formerly married to William Statt. Two children, Bryan and Kimberly, were born of that marriage. On December 31, 1972, Joan and William separated pursuant to a separation agreement. Among other things, the agreement provided for the husband to make certain payments to his wife: 13: The husband shall make the following payments to the wife for her support and maintenance and for the support, maintenance and education of the children without any allocation between them or any necessity on the part of the wife to account:
(a) The sum of $235.00 per week for the first ten (10) weeks of this agreement, and the sum *390 of $170.00 per week or $368.00 semi-monthly thereafter, so long as the wife does not remarry. (b) In the event of the remarriage of the wife, the sum of $50.00 per week for each qualified child.
A child shall be deemed qualified for the purposes of this Agreement until he or she becomes of age, dies, becomes self-supporting or marries, whichever occurs first. [Emphasis supplied.] On June 1, 1973, a divorce decree was entered dissolving the marriage of Joan and William. The decree provided in pertinent part as follows: ORDERED, ADJUDGED AND DECREED that the defendant [husband] pay to the plaintiff [wife] for alimony and support for herself and the children the sum of $170.00 per week. Pursuant to the agreement and the decree, Joan received from her ex-husband a total of $8,619.35 in 1973. On October 3, 1973, Joan married Donald Clarkson. The parties agree that the amounts received by Joan after October 3, 1973, $1,300.02, were child support payments and thus not includable in her gross income as alimony.See section 71(a). [1] Respondent contends that all amounts received by Joan prior to October 3, 1973, $7,319.33, are alimony payments includable in her gross income *391 under section 71. Petitioners contend that only $3,440.76 of that amount is alimony and the rest is child support. Generally, payments made by a husband to his wife under a separation agreement or divorce decree must be included in the wife's gross income. See section 71(a). This does not apply, however, "to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband" [emphasis supplied]. Section 71 (b). In order to be excluded from the wife's gross income the payments must be specifically designated in the governing instrument as child support and not left to determination by inference or conjecture. Commissioner v. Lester,366 U.S. 299, 306 (1961). Thus, if the wife receives periodic payments for the support and maintenance of both herself and minor children of the husband without a specific designation of the portion for the children's support, then the *392 entire amount is includable in the wife's income under section 71(a). Section 1.71-1(e), Income Tax Regs.
We think that all payments made under either the divorce decree or the separation agreement are includable in petitioners' gross income. Neither the decree nor the agreement specifically designates the portion of support payments allocable to the children. And although an allocation might be determined by inference, the agreement does not specifically designate such amount. In this regard, we find Thomson v. Commissioner,T.C. Memo. 1966-64, indistinguishable. There the taxpayer-wife sought to exclude from gross income payments made by her ex-husband for both her support and their children's support. The separation agreement, which was incorporated into the decree, provided: [The husband] has the ability to pay to the [wife] as and for her support and for the support, maintenance and education of the three minor children, the sum of $310.00 per month, until such time as the [wife] should remarry in which event the [husband] * * * agrees to pay the sum of $150.00 per month for the maintenance, education and support of the children of the marriage, *393 and it is further * * * agreed that said sum shall be reduced by the sum of $50.00 per month as each child reaches his or her majority or dies. [25 T.C.M. 343, 35 P-H Memo T.C. p. 66-375]. We held that the wife could not exclude the support payments from gross income, even though we could determine by inference the amount being paid for the children's support. See also De Mane v. Commissioner,T.C. Memo. 1971-4. Moreover, the result is the same even if the terms of the agreement were not incorporated into the decree by merger. The decree merely provides for the payment of $170 per week for the support of both the petitioner and the children. No reference is made to reductions upon remarriage of petitioner. Thus we cannot determine even by inference what amount would be allocable solely to the children under the decree alone. Because we hold that the payments were includable whether made under the divorce decree alone or the separation agreement as merged in the decree, we need not determine whether the agreement is in fact merged into the decree. Decision will be entered for the respondent. Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954 as in effect for the taxable year in issue.↩